SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
HAILEY M. ROGERSON (SBN: 311918)
hrogerson@grsm.com
GREG GRUZMAN (SBN: 245701)
ggruzman@grsm.com
ALI AZEMOON (SBN: 331503)
aazemoon@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
FCA US LLC

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW MURPHY,<br>Plaintiff,<br><br>vs.<br><br>FCA US, LLC; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.<br><br>**DECLARATION OF GREG GRUZMAN IN SUPPORT OF DEFENDANT FCA US LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**<br><br>State Court Complaint Filed: December 21, 2022<br><br>Removal Date: July 7, 2023 |

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# DECLARATION OF GREG GRUZMAN

I, Greg Gruzman, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California, and I am senior counsel for Gordon Rees Scully Mansukhani, LLP, attorney of record for Defendant FCA US LLC ("FCA"). I am a member in good standing with the State Bar of California. I have personal knowledge of the following facts, except for those based on information and belief, which I believe to be true, and if called upon to testify, I could and would competently testify to their truth and accuracy.

2. This declaration is submitted in support of FCA's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. §§ 1332, 1441 and 1446.

3. In executing this declaration, I do not intend, and FCA has not authorized me, to waive any protections or privileges FCA may have as to proprietary, trade secret, and/or confidential information, or to waive FCA's attorney-client privilege as to any of its communications or to waive the work product immunity developed in anticipation of or in response to litigation. I intend only to describe certain factual matters that are pertinent to this declaration.

4. On December 21, 2022, Plaintiff Matthew Murphy ("Plaintiff") filed his State Action ("Complaint") asserting, against FCA, four causes of action for violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") including for breaches of express and implied warranty, and one cause of action for fraudulent inducement – concealment, based on their purchase of a 2018 Chrysler Pacifica, VIN: 2C4RC1BG4JR114993 ("Vehicle"). Plaintiff additionally asserted one cause of action for negligent repair against Defendant DPEP, Inc. dba Lake Elsinore Chrysler Dodge Jeep erroneously sued as Lake Elsinore Chrysler Dodge Jeep ("Lake"). Attached hereto as **Exhibit A** is a true and correct copy of

the Complaint filed in the State Court action, *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

5. FCA was served with the Complaint on December 29, 2022.

6. I reviewed Plaintiff's Complaint filed in this matter. The Complaint does not contain any means of ascertaining the amount in controversy.

7. The Complaint states Plaintiff is a resident of California. (*See* **Exh. A**, ¶ 2.)

8. Upon my review of the Complaint, I was able to ascertain this case was not initially removable as there was not complete diversity of citizenship between Plaintiff and Lake.

9. On March 28, 2023, Lake filed and served its Notice of Motion and Motion to Compel Arbitration ("Motion"). The Motion to Compel was scheduled to come before the Los Angeles Superior Court on June 22, 2023.

10. Plaintiff dismissed Lake from this action on June 8, 2023. Attached hereto as **Exhibit B** is a true and correct copy of the executed dismissal without prejudice for Lake.

11. With the dismissal of Lake on June 8, 2023, I was able to ascertain that complete diversity of citizenship exists between Plaintiff and FCA.

12. Plaintiff seeks monetary relief under the Song-Beverly Act, including but not limited to, actual damages, restitution, incidental and consequential damages, punitive damages, reasonable attorneys' fees and costs of suit, and a ***civil penalty in the amount of two times Plaintiff's actual damages***. (*See* **Exh. A**, ¶¶ 39, 43-45, 65, 66, and Prayer at pp. 15:16-28.)

13. Based upon the Retail Installment Sales Contract ("RISC"), I was able to determine the sale price of the Vehicle, which enabled me to determine that the actual amount in controversy exceeds $75,000.00. Attached hereto as **Exhibit C** is a true and correct copy of the RISC for the Vehicle, received by our office from the selling dealership Lake.

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

14. Using the figures presented in the RISC, I performed the statutory calculations to determine the potential damages to be awarded to Plaintiff if he prevails on his Song-Beverly Act claims.

15. Pursuant to the RISC, the total sale price of the Vehicle (purchase price) was $45,721.36. (*See* **Exh. C**.)

16. If Plaintiff was to prevail on his Song-Beverly Act claims, he could be awarded damages well in excess of $75,000.00, as Plaintiff contends he is entitled to double civil penalties and attorney's fees. Plaintiff's actual damages of purchase price of $45,721.36, plus $91,442.72 as a double civil penalty pursuant to Civil Code Section 1794, brings the total amount in controversy to **$137,164.08.** Even an award of only a single civil penalty would result in an amount of $91,442.72, which is still well over the $75,000 threshold. This amount is ***extremely*** conservative, as it does not include Plaintiff's claims for attorneys' fees, incidental or consequential damages (such as yearly registration fees), or punitive damages.

17. Repair Orders provided by FCA's authorized dealership and seller of the Vehicle, Lake, indicate that the first presentation[1] to an FCA-authorized repair facility for a repair was on March 23, 2018. The Vehicle mileage at the time of this presentation was 690. Attached hereto as **Exhibit D** is a true and correct copy of the repair order from Lake, r/o CHCS56031, pertaining to the Vehicle, with a repair order open date of March 24, 2018.

18. Pursuant to the RISC, the mileage of the Vehicle at the time Plaintiff purchased the Vehicle was 106. (*See* **Exh. C**.) Thus, Plaintiff drove the Vehicle 584 miles before the first presentation (*i.e.*,690 - 106 = 584).

19. Using the Song Beverly offset calculation, 584 miles multiplied by the cash price of the Vehicle ($37,092) and then divided by 120,000 miles, obtains the

[1] FCA does not concede that there is a nonconformity in the Vehicle or that the March 23, 2018, presentation is the applicable date for the mileage offset for purposes of the merits of the action but provides a calculation of the mileage offset for purposes of the amount in controversy in support of its removal.



Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

offset figure of $180. Subtracting the offset amount from the total cost of the Vehicle brings the amount of "actual" damages to $45,541.36 (*i.e.*, $45,721.36 - $180). With Plaintiff's request for a two-time civil penalty ($91,082.72), the total amount of damages in controversy is **$136,624.08**. This does not even take into account Plaintiff's claims for attorney's fees, punitive damages, or incidental and consequential damages.

20. After determining the amount in controversy exceeded $75,000.00, I then recognized this case was removable.

21. Attached as **Exhibit E** is a true and correct copy of the Summons filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

22. Attached as **Exhibit F** is a true and correct copy of the Civil case Cover Sheet filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

23. Attached as **Exhibit G** is a true and correct copy of the Certificate of Counsel filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

24. Attached as **Exhibit H** is a true and correct copy of the Notice of Case Management Conference filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

25. Attached as **Exhibit I** is a true and correct copy of the Notice of Department Assignment filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

26. Attached as **Exhibit J** is a true and correct copy of Plaintiff's Proof of Service of Summons to FCA filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

27. Attached as **Exhibit K** is a true and correct copy of Plaintiff's Proof of Service of Summons to Lake filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

28. Attached as **Exhibit L** is a true and correct copy of FCA's Answer to Plaintiff's Complaint filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

29. Attached as **Exhibit M** is a true and correct copy of Lake's Answer to Plaintiff's Complaint filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

30. Attached as **Exhibit N** is a true and correct copy of FCA's Notice of Motion and Motion to Compel Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

31. Attached as **Exhibit O** is a true and correct copy of FCA's Memorandum of Points and Authorities in support of its Motion to Compel Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

32. Attached as **Exhibit P** is a true and correct copy of FCA's Declaration of Greg Gruzman in support of its Motion to Compel Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

33. Attached as **Exhibit Q** is a true and correct copy of Lake's Notice of Motion and Motion to Compel Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

34. Attached as **Exhibit R** is a true and correct copy of Lake's Memorandum of Points and Authorities in support of its Motion to Compel

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

35. Attached as **Exhibit S** is a true and correct copy of Lake's Declaration of Greg Gruzman in support of its Motion to Compel Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

36. Attached as **Exhibit T** is a true and correct copy of the Court's Proof of Service of Proposed Order on FCA's Notice of Motion and Motion to Compel Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

37. Attached as **Exhibit U** is a true and correct copy of Plaintiff's Notice of Case Management Conference filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

38. Attached as **Exhibit V** is a true and correct copy of Plaintiff's Case Management Statement filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

39. Attached as **Exhibit W** is a true and correct copy of Plaintiff's Notice of Posting of Jury Fees filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

40. Attached as **Exhibit X** is a true and correct copy of Plaintiff's Opposition to FCA's Motion to Compel Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

41. Attached as **Exhibit Y** is a true and correct copy of Plaintiff's Declaration of Brian Tan in support of its Opposition to FCA's Motion to Compel Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

42. Attached as **Exhibit Z** is a true and correct copy of Plaintiff's Request for Judicial Notice in support of its Opposition to FCA's Motion to Compel Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

43. Attached as **Exhibit AA** is a true and correct copy of FCA and Lake's Case Management Statement filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

44. Attached as **Exhibit BB** is a true and correct copy of FCA's Reply to Plaintiff's Opposition to its Motion to Compel Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

45. Attached as **Exhibit CC** is a true and correct copy of the Court's June 22, 2023 Minute Order regarding the hearing on Lake's Motion to Compel Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

46. Attached as **Exhibit DD** is a true and correct copy of the Court's June 22, 2023 Minute Order regarding the hearing on FCA's Motion to Compel Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

47. Attached as **Exhibit EE** is a true and correct copy of the Tentative Rulings for the hearings on FCA and Lake's Motions to Compel Arbitration and Stay Action filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

48. Attached as **Exhibit FF** is a true and correct copy of the Court's June 23, 2023 Minute Order and Certificate of Mailing filed in *Matthew Murphy v. FCA US, LLC, et al.*, Riverside County Superior Court Case No. CVRI2205523.

49. Attached hereto as **Exhibit GG** is a true and correct copy of an excerpt from FCA's 10-K filing for the fiscal year ending December 31, 2014,

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

which was downloaded on March 1, 2023 from the Securities and Exchange Commission website, https://www.sec.gov/Archives/edgar/data/1513153/000151315315000010/fcausllc-2014123110k.htm.

50. Attached hereto as **Exhibit HH** is a true and correct copy of FCA North America Holdings LLC's Entity Details from the Delaware Department of State: Division of Corporations website, which was printed on September 19, 2022.

51. Attached hereto as **Exhibit II** is a true and correct copy of an excerpt from Stellantis N.V.'s Form 20-F for the fiscal year ending December 31, 2022, which was downloaded on March 1, 2023 from the Securities and Exchange Commission website, https://www.sec.gov/Archives/edgar/data/1605484/000160548420000011/fca20191231annualreportand.htm

52. Attached hereto as **Exhibit JJ** is a true and correct copy of Stellantis N.V.'s Form 6-K Report of Foreign Private Issuer to the United States Securities and Exchange Commission. Recently, FCA consummated a merger with Peugeot S.A., and the entity was renamed "Stellantis N.V." on January 16, 2021. The principal executive offices of the Stellantis N.V are located at Singaporestraat 92-100, 1175 RA Lijnden, the Netherlands.

53. Attached hereto as **Exhibit KK** is a true and correct copy of Stellantis B.V.'s Official Registration, which was downloaded on September 19, 2022, from the Kamer van Koophandel (Netherlands Chamber of Commerece) website, https://www.kvk.nl/english/, stating that Stellantis B.V. is a besloten vennootschap (foreign entity).

54. Attached hereto as **Exhibit LL** is a true and correct copy of Stellantis N.V.'s Official Registration, which was downloaded on September 19, 2022, from the Kamer van Koophandel (Netherlands Chamber of Commerece) website,

https://www.kvk.nl/english/, stating that Stellantis N.V. is a naamloze vennootschap (foreign entity).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called as a witness I could and would so testify.

Executed this 7th day of July, 2023 in San Francisco California.

/s/ *Greg Gruzman*
Greg Gruzman

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111